ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY GAIL HEIFETZ,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DOUBLE DRAGON RESTAURANT INC., a California corporation, d/b/a DOUBLE DRAGON; and CARTER J. LLC,<br><br>　　　　　　Defendants. | Case No. 23-cv-1503<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)<br><br>2. Violations of the California Unruh Act (Cal. Civil Code § 51 et seq.)<br><br>3. Violations of the California Health and Safety Code, §§19955 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SHELBY GAIL HEIFETZ ("Plaintiff") complains of Defendants DOUBLE DRAGON RESTAURANT INC.; and CARTER J. LLC, ("Defendants") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "DOUBLE DRAGON" located at or about 2621 Somersville Rd, Antioch, California 94509 ("Restaurant").

2. Plaintiff is legally blind since birth and uses a white cane to ambulate.

3. The Restaurant, owned by Defendants, is inaccessible to legally blind persons and therefore it denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplemental California civil rights laws. As a result, Plaintiff has been denied full and equal access to the Restaurant and has been embarrassed and humiliated. Plaintiff seeks declaratory and injunctive relief requiring full and equal access under the Americans with Disabilities Act of 1990 ("ADA") and California law and damages under California law. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violating the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant, and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

6. **Intradistrict Assignment:** This case should be assigned to the San Francisco/Oakland Division of the Northern District of California, as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7. Plaintiff is a person with physical disabilities, as defined by all applicable California and United States laws. Plaintiff has been legally blind since birth due to Rod-Cone Dystrophy. Plaintiff is able to read California grade 2 Braille signage. Plaintiff uses a white cane when ambulating and cannot safely use portions of public facilities that are inaccessible to disabled persons, including those who are visually impaired/legally blind. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is and at all times relevant hereto was a resident of Pleasant Hill, California.

8. Defendants have at all relevant times been the owners, operators, lessors and/or lessees of the subject business, property, and building at all times relevant to this Complaint.

9. Plaintiff is informed, believes, and alleges that each Defendant is and was, at all times relevant, the agent, employee, or representative of each other Defendants. Each Defendant in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scop of his or her actual apparent authority under such agency, or the alleged acts or omissions of each Defendant as agent were ratified and adopted by each Defendant as principal.

10. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of below.

## FACTUAL ALLEGATIONS

11. Defendants discriminated against Plaintiff because Defendants' facilities and policies do not comply with the requirements of the ADA, the Unruh Act, and the California Health and Safety. Defendants have failed and refuse to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Restaurant.

12. The Restaurant and its facilities, including, but not limited to, its entrances/exits, interior

1  paths of travel, transaction counters, are a "public accommodation" and part of a "business
2  establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)(B))
3  and of California Civil Code §§ 51 *et seq.*

4  13.  On information and belief, the Restaurant and its facilities have, since January 26, 1993,
5  undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to
6  disabled access requirements of 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed
7  or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations.
8  Irrespective of the Restaurant's construction and alteration history, removal of the access barriers
9  at the subject premises are subject to the "readily achievable" barrier removal requirements of
10 Title III of the ADA.

11 14.  Plaintiff, her boyfriend, as well as their friends love sushi and enjoy exploring new sushi
12 places to try new rolls and sashimi. Unfortunately, lots of restaurants serving sushi are not ADA
13 compliant causing Plaintiff great deal of discomfort, embarrassment, and difficulties during her
14 visits, and leaving her afterward with bitter feelings of humiliation.

15 15.  Plaintiff visited another sushi restaurant in Oakland on Valentine's Day 2023. The visit
16 was a miserable experience because the restaurant was inaccessible to Plaintiff. She then tried to
17 dine at the Restaurant with the hopes that she would not encounter accessibility barriers like she
18 did at the Oakland restaurant. Thus, on February 28, 2023, Plaintiff and her boyfriend arrived at
19 the Restaurant for lunch. Plaintiff immediately sensed that something was not right when her
20 boyfriend had trouble locating the designated accessible parking space because it was not clearly
21 marked. As soon as Plaintiff got out of the car, she realized that there were no truncated domes
22 to help her navigate the parking lot. While Plaintiff's boyfriend was happy to guide her to the
23 entrance, Plaintiff hates when her independence is taken from her and wants to be self-sufficient
24 as long as it is safe. When Plaintiff could not locate the truncated domes, she did not feel safe
25 enough to find her own way and was forced to rely on her boyfriend's guidance.

26 16.  As a blind person, Plaintiff is afraid of fast closing doors because she needs more time
27 than an average person to pass through. Plaintiff has often had fast closing doors slam on her
28

back before she could get through. The entrance door to the Restaurant turned to be not only fast-closing causing Plaintiff anxiety, but it also was very heavy. The heavy door is a huge obstacle for Plaintiff because she has only one hand to operate a door, while holding her white cane with the other hand.

17.     After their meal, Plaintiff attempted to make her way to the restroom while her boyfriend took care of paying and boxing up the food.

18.     For reasons that remain unknown, restaurants' restrooms are often not clearly labelled with Braille, causing Plaintiff, and other legally blind patrons, a lot of unpleasant experience. Although it happens often, it is still awkward for Plaintiff to have to look for assistance of an employee or another guest to help her locate the correct restroom. The Restaurant, like many other restaurants, did not have the restrooms clearly labeled with Braille. As a result, Plaintiff had a humiliating encounter with a server trying to assist her when Plaintiff just wanted to take care of her needs herself. There was Braille on the exterior door itself but not on the wall next to the door where Plaintiff was feeling and neither interior door had any Braille that Plaintiff could find; this was very confusing for her. In addition, the restroom doors were all extremely heavy which again made them challenging for Plaintiff to use while holding her cane.

19.     Even though the food was pretty good, Plaintiff cannot revisit the Restaurant because of the existing barriers to access. Plaintiff wants these accessibility barriers remediated so that she can come back and have a safer and more comfortable dining experience at the Restaurant.

20.     Before filing this lawsuit, Plaintiff's accessibility expert did an informal investigation of the Restaurant. While he could not make detailed measurements, he confirmed the barriers encountered by Plaintiff and identified other barriers related to Plaintiff's disability: (1) No tow away sign; (2) No parking signage at designated accessible parking by building; (3) Ramp encroaches into access aisle creating a tripping hazard at designated accessible parking by the building; (4) Path of travel at opposite building of designated accessible parking is asphalted over; (5) No truncated domes crossing the street from designated accessible parking opposite of building; (6) "No Parking" is not stamped in the right location at designated accessible parking

opposite of building; and (7) Bathroom door sign is not contrasting. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's accessibility expert, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

21. Plaintiff likes the food offered by the Restaurant and she could and would return there if it is made accessible to her. Plaintiff, however, is deterred from returning to the Restaurant because it remains inaccessible.

22. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to her incidents of deterrence, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

23. Defendants knew, or should have known, that these elements and policies rendered The Restaurant inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make the Restaurant accessible to legally blind persons patrons. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to the Restaurant.

24. As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of her civil rights, emotional discomfort, and denial of rights to full and equal access to public accommodations, all to her general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused her difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, under federal and state law.

25. Plaintiff's goal in this suit is a positive one: to make the Restaurant fully accessible to legally blind persons.

## FIRST CAUSE OF ACTION:

## VIOLATION OF THE ADA, TITLE III

**[42 U.S.C. 12101 *et seq.*]**

26. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

27. Plaintiff is a qualified individual with a disability as defined by the ADA as she has impairments that substantially limit one or more major life activities.

28. Plaintiff has reasonable grounds for believing she will experience discrimination each time that she may attempt to access and use the subject facilities.

29. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. 12181(7).

30. The acts and omissions of Defendants set forth here was in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.*

31. Plaintiff alleges on information and belief that the Restaurant was either designed or constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing and/or constructing the Restaurant in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

32. The removal of each of the barriers complained of by Plaintiff as alleged, was at all times mentioned "readily achievable" under the standards of § 12181 and § 12182 of the ADA. Providing truncated domes, accessible entrances and exits, accessible restroom doors, and Braille signage is a fundamental necessity. Without this ability, Plaintiff is unable to available herself of the goods and services offered at Restaurant on a full and equal basis. Therefore, the benefits of creating access do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. Furthermore, these are the types of barriers identified by the Department of

1  Justice as being readily achievable to remove, and, in fact, these barriers are readily achievable
2  to remove. Also, as noted throughout this Complaint, removal of each of the architectural
3  barriers complained of here was also required under California law.
4  33.     Plaintiff alleges on information and belief that the Restaurant was modified after
5  January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have
6  independently triggered requirements for removal of barriers to access for disabled persons per
7  12183 of the ADA.
8  34.     Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:
9         a) providing benefits to the Restaurant that are unequal to that afforded to legally
10            blind people,
11        b) failing to make reasonable modifications in policies, practices, or procedures
12            when such modifications are necessary to afford (and would not fundamentally
13            alter the nature of) the goods, services, facilities, privileges, advantages, or
14            accommodations of the Restaurant to legally blind individuals,
15        c) failing to remove architectural barriers that are structural in existing facilities
16            where such removal is readily achievable; and
17        d) where Defendants can demonstrate the removal of architectural barriers is not
18            readily achievable, failing to make the goods, services, facilities, privileges,
19            advantages, or accommodations of the Restaurant available through alternative
20            methods if such methods are readily achievable.
21 35.     On information and belief, as of the date of Plaintiff's visits to the Restaurant and as of
22 the filing of this Complaint, the subject premises have denied and continue to deny full and
23 equal access to Plaintiff.
24 36.     Under the ADA, 42 U.S.C. § 12188 *et seq.*, Plaintiff is entitled to the remedies and
25 procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as she
26 is being subjected to discrimination based on disability in violation of the ADA or has
27 reasonable grounds for believing that she is about to face discrimination.
28

37. Plaintiff seeks relief set forth in 204(a) of the Civil Rights Act of 1964, 42 § U.S.C. 2000(a)-3(a), and under Federal Regulations adopted to implement the ADA.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code 51 et seq.]

38. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

39. The Restaurant is a business establishment within the meaning of the Unruh Act. Defendants are the owners and operators of a business establishment.

40. Defendants violated the Unruh Act by their acts and omissions:
   a) Failure to construct and/or alter the Restaurant in compliance with state building code and state architectural requirements,
   b) Failure to remove known barriers to access at the Restaurant,
   c) Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of the Restaurant, a violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code 51(f).

41. Plaintiff has experienced barriers to access at the Restaurant, all of which have caused her major difficulty, discomfort, and embarrassment.

42. On information and belief, the Restaurant and its premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

43. These barriers to access render the Restaurant and its premises inaccessible to and unusable by persons that are legally blind. All facilities must be brought into compliance with

all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to Plaintiff.

44. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

45. As for Defendants' violations of the Unruh Act that are not depended on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with disabilities from obtaining full and equal access to the Restaurant. In fact, the Restaurant was already subject to an accessibility lawsuit in 2012. Defendants' discriminatory practices or policies deny full enjoyment of the Restaurant to legally blind persons reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

46. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities to Plaintiff.

47. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers, policies and practices at their facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated persons with disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

[Cal. Health and Safety Code §§19955 *et seq.*]

48. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

1  allegations contained in all paragraphs of this Complaint and incorporates them here as if
2  separately repled.
3  49.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, The Restaurant s, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

50.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and applies to all public accommodations constructed or altered after that date.

51.     On information and belief, substantial portions of the Restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Restaurant to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

52.     Under the authority delegated by Government Code §4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Restaurant and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970, triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

53.     On information and belief, at the time of the construction and modification of said

1. building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

54. The Restaurant is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

55. As a result of the actions and failure to act by Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied her rights to full and equal access to public facilities and suffered a loss of civil rights and rights as a legally blind person to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at the Restaurant to make the facilities "accessible to and useable by" legally blind persons; failing to construct or alter the Restaurant in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar disabilities;

3. Plaintiff requests that the Court issue an order requiring Defendants to maintain the Restaurant accessible to persons that are legally blind;

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is

satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. 12205; the Unruh Act, California Civil Code 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure 1021.5;

7. Plaintiff requests prejudgment interest under California Civil Code 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: March 29, 2023                                         ALLACCESS LAW GROUP


                                                              */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
SHELBY GAIL HEIFETZ

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: March 29, 2023							ALLACCESS LAW GROUP


                  */s/ Irakli Karbelashvili*
                 By IRAKLI KARBELASHVILI, Esq.
                 Attorney for Plaintiff
                 SHELBY GAIL HEIFETZ